UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ROBERT CHIDEL,

    Plaintiff,

v.

SIMON'S AGENCY, INC.,

    Defendant.

Case No. 1:20-cv-05154

## COMPLAINT

**NOW COMES** Plaintiff, ROBERT CHIDEL, through undersigned counsel, complaining of Defendant, SIMON'S AGENCY, INC., as follows:

### NATURE OF THE ACTION

1. This action is seeking redress for Defendant's violation(s) of the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692 *et seq*.

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

### PARTIES

4. ROBERT CHIDEL ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided at 60 East Beech Drive, Apartment 220, Schaumburg, Illinois 60193.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. SIMON'S AGENCY, INC., ("Defendant") is a corporation organized and existing under the laws of the state of New York.

7. Defendant maintains a principal place of business at 4963 Wintersweet Drive, Liverpool, New York 13088.

1

8. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

9. Defendant uses instrumentalities of interstate commerce and the mail in its business – the principal purpose of which is the collection of debt owed or due or asserted to be owed or due another.

## FACTUAL ALLEGATIONS

10. Radiation Oncology Associates performed medical services on Plaintiff.

11. The cost of the medical services was $129.43.

12. Plaintiff's $129.43 balance is a "debt" as defined by 15 U.S.C. § 1692a(5).

13. As result of financial hardship, Plaintiff was not able to make payment(s).

14. On June 30, 2020, Plaintiff filed a voluntary petition for relief under Chapter 7, Title 11, United States Code.

15. Subsequently, Plaintiff's $129.43 balance was referred for collection.

16. Defendant mailed Plaintiff a letter, dated August 20, 2020 (the "Letter"), which stated:

| **Account Summary** | | |
|---|---|---|
| Original Creditor RADIATION ONCOLOGY ASSOCIATES | | |
| File # 2957012 | Amount $129.43 | |

RADIATION ONCOLOGY ASSOCIATES has referred your past due account to our office for collections.

You may not have intentionally neglected this obligation, but it is seriously past due. Please contact us or choose from the payment options indicated.

1. Remit payment in full to this office, or,
2. **www.paysimons.com**
3. Contact (315) 454-8833 in person or by telephone to arrange a payment plan.

Thank you for your cooperation in this matter.

Sincerely,

SIMON'S AGENCY INC.

**THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. UNLESS YOU DISPUTE THE VALIDITY OF THIS DEBT, OR ANY PORTION THEREOF, WITHIN THIRTY (30) DAYS OF RECEIVE OF THIS LETTER, WE WILL ASSUME THAT THIS DEBT IS VALID. IF YOU NOTIFY US IN WRITING WITHIN THE THIRTY (30) DAY PERIOD THAT THE DEBT, OR ANY PORTION THEREOF, IS DISPUTED, WE WILL OBTAIN VERIFICATION OF THE DEBT OR A COPY OF THE JUDGMENT AGAINST YOU AND MAIL SUCH VERIFICATION OR COPY TO YOU. WE WILL ALSO PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR, IF DIFFERENT FROM THE CURRENT CREDITOR, UPON YOUR WRITTEN REQUEST WITHIN THE THIRTY (30) DAY PERIOD.**

**\*WE MAY REPORT YOUR ACCOUNT(S) TO THE CREDIT BUREAUS\***

17. The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

18. The Letter is the "initial written communication" as required by 15 U.S.C. § 1692g.

19. The Letter stated: "Original Creditor: RADIATION ONCOLOGY ASSOCIATES."

20. The Letter *did not* say whether Radiation Oncology Associates was the current creditor or instead had sold the debt to another entity.

21. The Letter simply stated, "RADIATION ONCOLOGY ASSOCIATES has referred your past due account to our office for collections."

22. The only addresses contained in the Letter was the P.O. box of Defendant in Syracuse, New York and Defendant's principal office address in Liverpool, New York.

## DAMAGES

23. Congress enacted the FDCPA to rein in certain "evils" associated with debt collection," *Bentrud v. Bowman, Heintz, Boscia & Vician, P.C.*, 794 F.3d 871, 874 (7th Cir. 2015), because existing legal remedies were, in its judgment, "inadequate to protect consumers." 15 U.S.C. § 1692(b).

24. To address those practices, the FDCPA imposes a "rule against trickery." *Beler v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, 480 F.3d 470, 473 (7th Cir. 2007); *see also O'Rourke v. Palisades Acquisition XVI, LLC*, 635 F.3d 938, 941 (7th Cir. 2011) (noting that the FDCPA's prohibitions "keep consumers from being intimidated or tricked by debt collectors").

25. The statute thus gives debtors a right to receive accurate information, which they can enforce against debt collectors by bringing suit under the FDCPA. *See Hahn v. Triumph P'ships LLC*, 557 F.3d 755, 757 (7th Cir. 2009) ("The [FDCPA] is designed to provide information that helps consumers to choose intelligently ... .").

26. The value of receiving truthful information about one's financial affairs—and the ill effects of receiving misleading information—may be hard to quantify, especially where, as here, the plaintiff did not act upon the misinformation.

27. But being misled in violation of an anti-trickery statute like the FDCPA is a concrete harm nevertheless. *See Havens Realty Corp. v. Coleman*, 455 U.S. 363, 373-74, 102 S. Ct. 1114, 71 L. Ed. 2d 214 (1982) (holding that a plaintiff "who has been the object of a misrepresentation made unlawful" by federal statute suffered an injury in fact and thus had Article III standing).

28. Although the Letter refers to Radiation Oncology Associates, the Letter fails to identify Plaintiff's current creditor.

29. Plaintiff was left unsure as to (and could not deduce from reading the Letter) what creditor Defendant was attempting to collect for.

30. The automatic stay is ***one of the fundamental debtor protections provided by the bankruptcy laws***. It gives the debtor a breathing spell from her creditors. It stops all collection

4

efforts, all harassment, and all foreclosure actions. It permits the debtor to attempt a repayment or reorganization plan, or simply to be relieved of the pressures that drove her into bankruptcy.

31. Defendants' unlawful conduct deprived Plaintiff of one of his fundamental rights and led Plaintiff to believe his bankruptcy was for naught, causing anxiety and emotional distress.

32. Concerned with having had his rights violated, Plaintiff was forced to retain counsel; therefore, expending time and incurring attorney's fees to vindicate his rights.

## CLAIMS FOR RELIEF

### COUNT I:
### Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq.*)

33. All Paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### Violation of 15 U.S.C. § 1692e

34. Section 1692e provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section.

> (2) The false representation of –

>     (A) the character, amount, or legal status of any debt.

> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

35. Defendant's August 20, 2020 letter to Plaintiff asserted that Plaintiff's debt to Radiation Oncology Associates was due and demanded that Plaintiff pay the debt.

36. But at the time of Defendant's August 20, 2020 letter, Plaintiff was protected by the Bankruptcy Code's automatic stay which forbids "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case." *See* 11 U.S.C. § 362(a)(6).

37. It seems clear, then, that Defendant's August 20, 2020 letter misrepresented the legal status of Plaintiff's debt to Radiation Oncology Associates in violation of 15 U.S.C. §§ 1692e(2)(A) and e(10). *See Randolph v. IMBS, Inc.*, 368 F.3d 726, 728 (7th Cir. 2004) ("[A] demand for immediate payment while a debtor is in bankruptcy (or after the debt's discharge) is 'false' in the sense that it asserts that money is due, although, because of the automatic stay (or discharge injunction), it is not."

**Violation(s) of 15 U.S.C. § 1692g**

38. Section 1692g(a) provides:

(a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –

    (1)    the amount of the debt;

    (2)    **the name of the creditor to whom the debt is owed**;

    (3)    a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

    (4)    a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

    (5)    a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with

>           the name and address of the original creditor, if different from the
>           current creditor.

(emphasis added).

39. The FDCPA requires the collector of a consumer debt to send the consumer a written notice containing, among other information, "the name of the creditor to whom the debt is owed." § 1692g(a)(2).

40. Regardless of who then owned the debt, the question under the statute is whether the Letter identified the then-current creditor clearly enough that an unsophisticated consumer could identify it without guesswork. *See Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317, 321 (7th Cir. 2016).

41. "[The Seventh Circuit] has long interpreted § 1692g to require that the mandatory disclosures be made so that they would be clearly understood by sophisticated debtors." *Steffek v. Client Servs.*, 948 F.3d 761, 764 (7th Cir. 2020).

42. This implied requirement of clarity extends to identification of the current creditor under § 1692g(a)(2). The mere presence of the correct name in the notice somewhere does not suffice. *See Smith v. Simm Assocs., Inc.*, 926 F.3d 377, 381 (7th Cir. 2019) (explaining the § 1692g(a)(2) "requires a debt collector to present information about the creditor and the debt in the manner the unsophisticated consumer can understand"); *Janetos*, 825 F.3d 321 ("When § 1692g(a) requires that a communication requires certain information, compliance demands more than simply including that information in some unintelligible form.")

43. The Letter simply did not identify Radiation Oncology Associates as the current creditor to whom the debt was owed; therefore violating 15 U.S.C. § 1692g(a)(2), which required Defendant to identify the current creditor clearly, without leaving the matter to guesswork.

44. Plaintiff may enforce the provisions of 15 U.S.C. §§ 1692e(2)(A), e(10), and g(a)(2) pursuant to section k of the FDCPA (15 U.S.C. § 1692k) which provides "any debt collector who fails to comply with any provision of [the FDCPA] with respect to any person is liable to such person in an amount equal to the sum of -

(1) any actual damage sustained by such person as a result of such failure;

(2)

    (A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

(3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

**WHEREFORE**, Plaintiff requests the following relief:

A. a finding that Defendant violated 15 U.S.C. §§ 1692e(2)(A), e(10), and g(a)(2);

B. an award of any actual damages sustained by Plaintiff as a result of Defendant' violation(s);

C. an award of such additional damages, as the Court may allow, but not exceeding $1,000.00;

D. an award of costs of this action, together with reasonable attorney's fees as determined by this Court; and

E. an award of such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

DATED: September 1, 2020          Respectfully submitted,

**ROBERT CHIDEL**

By: */s/ Joseph S. Davidson*

Joseph S. Davidson
LAW OFFICES OF JOSEPH P. DOYLE LLC
105 South Roselle Road
Suite 203
Schaumburg, Illinois 60193
+1 847-985-1100
jdavidson@fightbills.com